IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PAUL ALOIS ADAMSKI,

                                                              OPINION AND ORDER

            Plaintiff,

                                                              21-cv-215-bbc

   v.

COREY HEATH, BRANDON DROST,
JAMISON KUBALA, JEFFREY MOORE,
MARIO CANZIANI, CLAIRE HICKEY-WILBUR,
CHRIS BUESGEN, and KEVIN CARR,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this case, pro se plaintiff Paul Alois Adamski is proceeding on retaliation and state law claims against various correctional officers and officials at the Stanley Correctional Institution, who allegedly took a number of adverse actions against him in response to his filing numerous complaints about correctional staff, including defendant Corey Heath. Before the court are the following motions: (1) plaintiff's motion for leave to file a second amended complaint, dkt. #37; (2) defendants' request for an extension of their summary judgment deadline in the event the court allows plaintiff to amend, dkt. #40; and (3) plaintiff's motion to compel discovery and for the imposition of sanctions. Dkts. #28. (Also pending are plaintiff's motions for admission of other acts evidence and for spoliation sanctions, but the court will address those only if it becomes necessary to do so at summary judgment or trial. At this stage of the proceeding, the motions are premature.) For the reasons explained below, I am denying all three motions.

1

BACKGROUND

Plaintiff filed this suit in April 2021. After screening the complaint, I granted plaintiff leave to proceed on the following claims:

> (1) defendant Heath retaliated against him, defamed him, and acted negligently by issuing him a false conduct report;
>
> (2) defendants Drost, Kubala, Moore, Canziani, Hickey, Buesgen, and Carr retaliated against him and acted negligently by failing to overturn a conduct report they knew was false; and
>
> (3) defendants Drost, Kubala, Moore, Canziani, Hickey-Wilbur, Buesgen and Carr retaliated against him by removing him from the Vets Program.

8/17/21 Screening Ord., dkt. #6; Am. Cmpt. naming Doe defendants, dkt. #13. Plaintiff alleged that defendants took these actions against him because he had made numerous verbal and written complaints about staff, including several about defendant Heath.

After defendants were served with the complaint, the parties participated in a scheduling conference with the magistrate judge, who reviewed the court's procedures and set a number of deadlines in this case. Dispositive motions are due August 12, 2022. Meanwhile, the parties have engaged in discovery.

On July 18, 2022, plaintiff filed the instant motion to amend his complaint, which he supported with an affidavit and a proposed, 23-page second amended complaint. Dkts. ## 37-39. (Plaintiff previously filed an amended complaint for the purpose of identifying certain Doe defendants.) The next day, defendants filed a motion to stay the August 12 summary judgment deadline until 45 days after the court screens the second amended

2

complaint. Dkt. #40. Defendants did not take a position on whether the court should grant plaintiff leave to file the second amended complaint.

OPINION

A. Motion to Amend Complaint

Fed. R. Civ. P. 15(a)(2) states that the court "should freely give leave [to amend] when justice so requires." Whether to permit amendment is within the broad discretion of the trial court. Arreola v. Godinez, 546 F.3d 788, 796 (7th Cir. 2008).

In this case, I will deny plaintiff leave to amend because his proposed amendments are either unnecessary or futile. For the most part, plaintiff does not seek to add new defendants or new claims, but rather to expand upon the factual basis for the retaliation and negligence claims on which he is already proceeding. Specifically, as he explains in his declaration, he wants to expand his "protected conduct" to include:

(1) speaking about matters of public concern ("staff misconduct");

(2) encouraging other inmates to file complaints;

(3) criticizing Heath in personal emails sent to a friend; and

(4) writing a letter to Wisconsin State Senator Lena Taylor critical of DOC staff.

However, plaintiff is already proceeding on claims that defendants retaliated against him for making numerous verbal and written complaints about Heath and other correctional staff. Although plaintiff did not specifically identify the above-listed activities in his initial

complaint, his allegation that he was retaliated against for making "complaints" about Heath and other staff is broad enough to encompass these activities without filing a new complaint.

Plaintiff also says he wants to file a new complaint because he learned during discovery that defendants did not investigate his claim that Heath lied in her conduct report and failed to review camera footage that would prove his innocence. Plt.'s Dec., dkt. #38. However, plaintiff has already been granted leave to proceed on retaliation and negligence claims against Drost, Canziani, Hickey, Buesgen, Carr, Moore, and Kubala for "approving the conduct report despite having evidence showing that Heath was lying about plaintiff's conduct." 8/17/21 Ord., dkt. #6, at 10. In attempting to prove this claim, plaintiff is not limited to the "evidence" he described in his complaint, but can present any evidence that he claims the decision-makers had but refused to review, including the videotape. Once again, it is not necessary for plaintiff to file an amended complaint simply to expand upon the facts underlying the claims on which he is already proceeding.

From a review of the proposed amended complaint, I also understand plaintiff to be alleging that defendant Heath retaliated against him by twice forwarding to Drost personal emails that plaintiff had sent to a friend in which he complained about Heath. See Sec. Am. Cmpt., dkt. #39, ¶¶ 158 i., iv. This *is* a new claim that was not alleged in the initial complaint. However, I am not permitting this amendment because it would be futile. An email between prison staff is not a "deprivation," much less one that would deter a person of ordinary firmness from engaging in protected activity. As plaintiff admits, he did not even know about Heath and Drost's email exchanges until he obtained them during discovery in

4

this case. Accordingly, they could not have had a chilling effect on his First Amendment activities. While the email exchange between Heath and Drost may be relevant evidence of motive concerning the other allegedly retaliatory acts on which plaintiff has been allowed to proceed (the false conduct report, its affirmance, and the removal from the Vets Program), it is not in itself an actionable instance of retaliation. Moreover, because Heath's emails to Drost did not violate plaintiff's constitutional rights or constitute an independent harm, it follows that plaintiff cannot proceed on a failure-to-intervene or negligence claim against Drost or any other defendant based on these emails. Fillmore v. Page, 358 F.3d 496, 506 (7th Cir. 2004) (no constitutionally impermissible failure to intervene when there is "no violation that compelled intervention.").

The remainder of the changes plaintiff wants to make are non-substantive, such as renumbering paragraphs, adding some background facts and facts discovered during discovery, and conforming his complaint to the claims on which he was granted leave to proceed. Although plaintiff may find these changes helpful to organize his claims, they are unnecessary. Accordingly, plaintiff's motion for leave to amend will be denied.

### B. Motion to Stay Summary Judgment Deadline

Because I am denying plaintiff leave to amend his complaint, there is no reason to stay the summary judgment deadline. Defendants' motion to do so will be denied.

C. Plaintiff's Motion to Compel Discovery

On June 27, 2022, plaintiff filed a motion to compel defendants to produce the following evidence: (1) "metadata" that purportedly would show who entered an electronic signature on the Department of Corrections' database indicating that plaintiff agreed to the charges in the conduct report, which he insists he did not; (2) documentation supporting a statement by defendant Drost that plaintiff was recruiting inmates to sign group complaints; (3) "notes" from plaintiff's cell supporting a claim by Heath that she had heard reports that plaintiff was keeping notes in his cell about her movements; and (4) emails to Drost from his supervisors concerning plaintiff's filing of inmate complaints. Dkt. #28. I am denying this motion. Defendants have advised the court and plaintiff that they have searched their records and found no documents responsive to Nos. 2 and 3, but found seven emails responsive to No. 4, which they have provided to plaintiff. Accordingly, it appears there is nothing to compel with respect to items 2-4. For the sake of completeness, I note that the mere fact that defendants have no documents responsive to Nos. 2 and 3 does not mean that the statements of Drost or Heath were "false," as plaintiff asserts in his motion.

As for the metadata, I find that it is irrelevant and not proportional to the needs of this case. Fed. R. Civ. P. 26(b)(1). Defendants agree that plaintiff did not consent to the charges in the conduct report but instead vigorously contested them, including filing an appeal and a request for a warden-initiated review. Plaintiff suggests that he was deprived of a proper review by the warden because, in ruling on plaintiff's appeal, the warden stated that plaintiff had "signed indicating his agreement with the finding of guilt and sanction."

See Dkt. #35-1, Exh. A-043.  As defendants point out, however, the warden proceeded to review the merits of plaintiff's appeal, stating that he had "reviewed the new evidence along and [sic] the conduct report in its entirety," but found it would not change the disposition or the finding of guilt.  Id.  Because the purported electronic signature in the database did not have any bearing on the outcome of plaintiff's appeal, precisely how it got there is of no significance.

Finally, although plaintiff's motion to compel led to defendants producing some additional documents, it appears the delayed production of those documents was the result of an oversight.  In light of this, I decline to grant plaintiff's request to impose sanctions.

## ORDER

IT IS ORDERED THAT:

1. Plaintiff's motion to file a second amended complaint, dkt. # 37, is DENIED;

2. Defendants' motion to stay the summary judgment deadline, dkt. #40, is DENIED; and

3. Plaintiff's motion to compel discovery and for sanctions, dkt. #28, is DENIED.

Entered this 26th day of July, 2022.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge